Haight, J.
This action was brought to recover damages for an alleged assault and battery committed by the defendants upon the person of the plaintiff. The case was brought to trial at the Ontario circuit, and resulted in a verdict for the plaintiff in the sum of $250. It appears that the defendant Herman Van Voorhis leased his farm, in the town of East Bloomfield, to the plaintiff, to work upon shares; that on the 23d day of January, 1888, the defendant Herman Van Voorhis and his son Herman H. Van Voorhis entered upon the premises with a team and sleigh, and commenced loading hay from one of the stacks onto the sleigh for the purpose of drawing the same away; that the plaintiff, as she testifies, told them that they could not take her part of the hay; that they could cut the stack down, and take their part, leaving hers standing; that the defendant Herman Van Voorhis said to her that he was going to take it all or none; that she had stolen his hay and used his straw, and he was going to take all of that stack to make him whole; she thereupon went into the" house, got an old shotgun that had no load in it, and went out where they were loading the hay onto the sleigh from the stack, and held the gun up in her hands, but they still continued to pitch the hay, and told her to go and attend to her own business; she then went and put the gun in the house, and went to a neighbor’s, but, not finding him at home, she returned, got a couple of sticks of fire-wood, went out, and threw one at the eider defendant, hitting him upon the nose; that he made an attempt to stick the fork into her, by jabbing it towards her; that she started to go into the *600 house, and then the younger defendant, who had previously been upon the-stack pitching the hay upon the sleigh, came up behind her, and struck her four or five times with the pitch-fork, he following her two and one-half rods, or half way to the house, continuing the blows as she fled; that his father was in the mean time hallooing to him, “Strike her, strike her! kill her I” that she was pricked with the tines of the fork, and received bruises upon her back and arms, which subsequently swelled to the size of a broom-handle, and w-as so injured that she was laid up for several days. The facts as they appear from the defendants’ testimony are to the effect that they went there to get their part of the hay only, and that they told her that they were only going to take their half, and she forbade their taking any; that she went and got the gun, pointed it at them, and threatened to blow them through; that after she returned from the neighbor’s she brought her apron full of sticks of wood, threw several pieces at the elder defendant, and then, when the younger defendant got off from the stack, went at him with a stick of wood, and struck him, and that while she was endeavoring to so strike him he bit her with the fork three different times, when she stopped and started for her house; that he did not follow her, or strike her after she started for the house; and that nothing was said to him on the part of the elder defendant in reference to striking or killing her.
It will be seen that there was a conflict in the testimony of the parties which raised a question of fact for the jury. If the jury believed the testimony of the plaintiff, to the effect that she had started for the house, and was then pursued by the younger defendant, who struck her several times with the fork thereafter, he would be liable for the damages suffered by her in consequence thereof; and if, as she testified, the elder defendant was present aiding or assisting or inciting the son to strike the blows which he did strike, he also would be liable. The trial court, therefore, properly denied the .defendant’s motions for nonsuit or direction of a verdict in their favor.
Upon the trial the plaintiff gave evidence as to the contents of a letter -written by the defendant Herman Van Voorhis to the plaintiff or her husband, lit appears that the plaintiff’s husband did the work upon the farm, and took ¡general charge thereof for her; that the defendant Herman Van Voorhis wrote a letter, in which he stated “that the plaintiff had not plowed a certain lot, or drawn out the manure, and had taken more thari her share of the hay,” and so forth; and that he was going to take the stack of hay to make him even. This evidence was taken under the objection and exception of the defendants. It appeared, however, before the evidence was taken, that the letter had been lost, and could not be produced upon the trial. The parties substantially agree as to the contents of the letter. We are of the opinion that it. was material, and that no error was committed in the reception of the evidence. As we have seen, there was a conflict between the parties as to what was said at the time of the affray,—the plaintiff claiming that the defendants stated that they were going to take all of the hay; they claiming that they • said that they were going to take but their half of it; and, as a circumstance tending to corroborate her testimony, she had the right to show that the defendants had previously threatened to take the whole.
The court charged the jury that the products of the farm were in possession of the plaintiff. Exception was taken to this charge. We are, however, of the opinion, when taken in connection with that which precedes it, that the exception is not well founded. The court in its charge stated that, “ under the provisions of this lease or contract, the plaintiff and the defendant Herman Van Voorhis became tenants in common of the products of that farm; and, inasmuch as no express provision is made in the agreement as to the manner in which the products of the farm shall be divided, save that they were to share equally, I repeat that it was perfectly legal and proper for the defendant to go upon the premises, if he'could do so peaceably, and without *601 using violence and. force, to possess himself of his share of the products when they were in condition to be divided. He had no right to go there and use force in order to possess himself of the products of the farm. They were in •possession of tiie plaintiff, and, although she may have seen fit to withhold possession of the share of the defendant Herman Yan Yoorhis, he had no right to take his share from her by exercise of force, because the policy of the law is to prevent personal collisions between persons related to each other as these parties were.” Criticism by the appellants was made to the rest of the charge, but no further exception thereto was taken. We have carefully read it through, and it appears to us to be a fair and an impartial presentation ■of the case. The damages awarded were undoubtedly liberal, but, in view -of the injuries inflicted, we cannot say that they were excessive.
A new trial may be ordered \vhere the verdict is contrary to law, even though no exception was taken; but we do not understand that this relieves ■ a party from taking exceptions to the admission or rejection of evidence, or to the incorrect statements that may appear in the charge. Section 999 of the Code of Civil Procedure provides that “motion may be made upon the minutes at the same term to set aside the verdict and grant a new trial upon exceptions; or because the verdict is for excessive or insufficient damages, or otherwise contrary to the evidence, or contrary to law.” It will be observed that the motion may be based upon exceptions, or it may be based upon a ver- • diet that is rendered contrary to law; in other words, conceding the evidence to be true, a verdict not authorized by it would be one contrary to law, and the court, upon motion, could set the same aside, and grant a new trial. Tate v. McCormick, 23 Hun, 218. It follows that the judgment and order : should be affirmed. So ordered. All concur.